IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| NICOLE HERNANE and<br>GUY FRANKLIN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. CV505-059 |
| METAL FUSION, INC. d/b/a<br>KING KOOKER, et. al. | )<br>)<br>)<br>) | |
| Defendants, | )<br>) | |
| v. | )<br>) | |
| S.H. LEGGITT COMPANY, | )<br>) | |
| Third-Party<br>Defendants. | )<br>) | |

## ANSWER OF S.H. LEGGITT COMPANY TO THIRD-PARTY COMPLAINT OF METAL FUSION, INC., d/b/a KING KOOKER

S.H. Leggitt Company (hereinafter "Leggitt"), for its answer to the Third-Party Complaint of defendant and third-party plaintiff Metal Fusion, Inc., d/b/a King Kooker (hereinafter "King Kooker"), states as follows:

### FIRST DEFENSE

The Third-Party Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The injuries alleged by the plaintiffs, if any, were not proximately caused by any negligence on the part of Leggitt.

### THIRD DEFENSE

If plaintiffs sustained any damages or injuries as alleged in plaintiffs' Complaint, which is specifically denied by Leggitt, said damages and injuries were caused or contributed to by the acts, omissions or fault of others for whose conduct Leggitt is not responsible; and Leggitt is entitled to an assessment of the relative degree of fault of all such persons and entities.

### FOURTH DEFENSE

Leggitt states that the product allegedly designed, manufactured and sold by Leggitt was designed, manufactured and delivered in accordance and consistent with the state of the art and free of any defect.

### FIFTH DEFENSE

Leggitt states that the product was out of the control of Leggitt over a material period of time and that during that period Leggitt had no control over the maintenance, use or control of the product. Leggitt further states that if there was any defect or deficiency in the product as of the time of the incident alleged in plaintiffs' Complaint, such defects or deficiency did not relate to the original design, manufacture or sale of the product or of any procedures undertaken by Leggitt, but, on the contrary, was the result of abnormal use, or misuse or abuse, unforeseeable alteration, change, improper maintenance, modification or mishandling of the product after it was sold or placed into the stream of commerce.

## SIXTH DEFENSE

Plaintiffs assumed the risk of the danger alleged in that they had knowledge of the danger, an appreciation of that danger, and voluntarily exposed themselves and others to that danger.

## SEVENTH DEFENSE

Leggitt denies that the product in question had any inherent design defect but, if there existed any inherent design defect with respect to the product, such defect being expressly denied, such defect could not have been effectively eliminated without rendering the product incapable of reasonable use.

## EIGHTH DEFENSE

The product allegedly manufactured by Leggitt was merchantable and reasonably suited to its intended use at the time of sale, and its condition when sold was not the cause of plaintiffs' alleged injuries or damages.

## NINTH DEFENSE

Leggitt denies all negligence in the design, manufacture or sale of the product in question.

## TENTH DEFENSE

The product in question was, in part, manufactured pursuant to specifications and design of the cooker manufacturer, so that Leggitt is not liable for any defects resulting from such specifications and designs.

## ELEVENTH DEFENSE

All or part of plaintiffs' claims and/or third-party plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

## TWELFTH DEFENSE

Leggitt reserves the right to raise additional defenses that are made known to it through discovery or otherwise.

## THIRTEENTH DEFENSE

Leggitt responds to the numbered allegations of the Third-Party Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Leggitt admits the allegations contained in paragraph 1 of the Third-Party Complaint.

2.

Leggitt lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint and, therefore, denies each and every allegation contained therein.

3.

In response to the allegations contained in paragraph 3 of the Third-Party Complaint, Leggitt admits that its products are sold in the United States, including the State of Georgia. Leggitt denies the remaining allegations contained in paragraph 3 of the Third-Party Complaint.

4.

Leggitt lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of the Third-Party Complaint and, therefore, denies each and every allegation contained therein.

## CAUSE OF ACTION

5.

Leggitt admits that a copy of the complaint filed in this action is attached to the Third-Party Complaint. To the extent that paragraph 5 of the Third-Party Complaint seeks to paraphrase allegations of plaintiffs' Complaint, said Complaint speaks for itself.

6.

Paragraph 6 of the Third-Party Complaint seeks to paraphrase allegations of plaintiffs' Complaint. Said Complaint speaks for itself. To the extent paragraph 6 of the Third-Party Complaint fails to accurately characterize plaintiff's Complaint, these allegations are denied. Furthermore, Leggitt is without sufficient information to form a belief as to the truth of the allegations contained in plaintiffs' Complaint and, therefore, denies each and every allegation contained therein.

7.

Leggitt denies the allegations contained in paragraph 7 of the Third-Party Complaint.

8.

Leggitt admits that it sold regulator/hose assemblies to Third-Party Plaintiff for incorporation into its outdoor cookers. Leggitt lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Third-Party Complaint and, therefore, denies each and every allegation contained therein.

9.

Leggitt denies each and every allegation contained in paragraph 9 of the Third-Party Complaint.

10.

Leggitt denies each and every allegation contained in paragraph 10 of the Third-Party Complaint.

WHEREFORE, third-party defendant S.H. Leggitt Company prays that third-party plaintiff take naught by its Third-Party Complaint and that the costs of this action be taxed against third-party plaintiffs.

This 31st day of January, 2006.

        ELLIS, PAINTER, RATTERREE & ADAMS LLP

        By: _____
        R. Clay Ratterree
        Georgia Bar No. 595312
        P.O. Box 9946
        Savannah, GA 31412
        (912) 231-6724
        Fax: (912) 233-2281

        HUSCH & EPPENBERGER, LLC
        Bruce A. Moothart
        Ryan Watson
        1200 Main Street, Suite 2300
        Kansas City, MO 64105
        (816) 421-4800
        Fax: (816) 421-0596

        COUNSEL FOR THIRD-PARTY
        DEFENDANT S.H. LEGGITT COMPANY

CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing document(s) as indicated below:

Ben Smith, Jr.
P.O. Box 1586
Waycross, GA  31502

Allen L. Broughton
Brian C. McCarthy
Broughton & Fernandez
1875 Old Alabama Road, N.E.
Suite 430
Roswell, GA  30076

Jordon D. Morrow
Brannen, Search & Smith, LLP
P.O. Box 8002
Savannah, GA 31412

X  depositing a copy in the United States Mail in a properly addressed envelope with adequate postage affixed thereto to ensure delivery;

❏  via facsimile number:

❏  by hand delivery.

Dated this 31st day of January, 2006.

ELLIS, PAINTER, RATTERREE & ADAMS LLP

_____
R. CLAY RATTERREE
Georgia Bar No. 595312
JASON C. PEDIGO
Georgia Bar No. 140989
Attorneys for Defendant S.H. Leggitt Company

Post Office Box 9946
Savannah, Georgia  31412-0146
(912) 233-9700

{217070.1}